1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    SCOTT JOHNSON,                                Case No.17-cv-01933-SVK

8              Plaintiff,

9         v.                                       **ORDER DENYING DEFENDANTS'**
                                                   **MOTION TO DISMISS**
10   FARHANG SOLTANZAD, et al.,                     Re: Dkt. No. 10

11             Defendants.

12        Plaintiff Scott Johnson filed his complaint on April 7, 2017, bringing claims under the

13   American Disabilities Act ("ADA") and California's Unruh Civil Rights Act (the "Unruh Act")

14   (California Civil Code §§ 51-53).  On May 10, 2017, Defendants filed their motion to dismiss

15   Plaintiff's state law claim for lack of jurisdiction.  Having considered the papers and having heard

16   oral argument, the Court denies Defendants' motion for the reasons below.

17                          **FACTS ALLEGED IN THE COMPLAINT**

18        Plaintiff is a California resident who is a level C-5 quadriplegic.  ECF 1 at ¶ 1.  He uses a

19   wheelchair for mobility and has a specially equipped van.  ECF 1 at ¶ 1.  On several occasions

20   throughout 2015 and 2016, Plaintiff went to Defendants' brick and mortar gas station ("Gas

21   Station") located at 16500 Los Gatos Blvd., Los Gatos, California.  *See* ECF 1 at ¶¶ 19, 24.

22   Plaintiff alleges that the parking spaces at the Gas Station are not accessible to persons with

23   disabilities because Defendants have failed to maintain the parking spaces such that the spaces do

24   not have a marked and reserved access aisle adjacent to the parking space for use by persons with

25   disabilities.  ECF 1 at ¶¶ 28-29.  Plaintiff also alleges that the transaction counter in the Gas

26   Station is not accessible because not only is the lowered cashier counter less than 36 inches wide

27   but, because of merchandise and displays on the counter, the clear width of the counter is even

28   more narrow.  ECF 1 at ¶¶ 36-37.

United States District Court
Northern District of California

Based on the Defendants' failure to maintain accessible parking spaces and transaction counters, Plaintiff alleges that Defendants have violated the ADA.  ECF ¶¶ 56-63.  Plaintiff alleges that these violations of the ADA also constitute violations of the Unruh Act.  ECF ¶¶ 65-68.  Furthermore, Plaintiff asserts that the failure to remove the barriers was intentional because: (1) the particular barriers are intuitive and obvious; and (2) Defendants exercised control and dominion over the conditions at this location and the lack of accessible facilities was not an "accident."  ECF 1 at 55.

On April 7, 2017, Plaintiff filed his Complaint alleging a violation of the ADA, and violation of the Unruh Act.  Plaintiff requests injunctive relief, damages under the Unruh Act, reasonable attorneys' fees, and costs of suit.  ECF 1 at 11.  On May 10, 2017, Defendants filed their motion to dismiss Plaintiff's state law claim for lack of jurisdiction.

## DEFENDANTS' MOTION TO DISMISS

Defendants argue that Plaintiff's state law claim (i.e. his Unruh Act claim) should be dismissed for lack of jurisdiction.  Defendants argue that by repeatedly filing in federal court, Plaintiff is forum shopping to avoid the pleading requirements of California Code of Civil Procedure section 425.50 such as verifying a complaint, pleading with specificity, and including a statement that Plaintiff is a high-frequency litigant.  *See* ECF 11 at 5-7.  Notably, the California courts have not once considered section 425.50 since it was enacted in 2013.  ECF 7 at 5 n. 1.  Defendants argue that the lack of guidance from the California courts renders the application of section 425.50 a novel issue that is better suited for state courts.  ECF 11 at 7.

### I.    Plaintiff Has Alleged Sufficient Facts to Establish Article III Standing

Although not directly addressed by Defendants, the Court is obligated to confirm its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking.  *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).  Generally, the inquiry critical to any standing issue is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  *Allen v. Wright,* 468 U.S. 737, 750–51 (1984) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)).  Standing under Article III has three basic elements: (1) an "injury in fact," which is neither conjectural or hypothetical, (2) causation, such

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   that a causal connection between the alleged injury and offensive conduct is established, and (3)

2   redressability, or a likelihood that the injury will be redressed by a favorable decision. *Lujan v.*

3   *Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). To satisfy the "injury in fact" element, "the

4   plaintiff must show that he personally has suffered some actual or threatened injury as a result of

5   the putatively illegal conduct of the defendant." *Gladstone Realtors v. Village of Bellwood,* 441

6   U.S. 91, 100 (1979). For redressability, the plaintiff must do more than demonstrate the

7   possibility of some "psychic satisfaction" from a positive outcome. *See Steel Co. v. Citizens for a*

8   *Better Env't,* 523 U.S. 83, 107 (1998). Instead, the relief sought must actually remedy the injury

9   alleged. *Id.*

10   Since "[t]he existence of federal standing 'often turns on the nature and source of the claim

11   asserted,' " (*Chapman*, 631 F.3d at 944 (quoting *Warth*, 422 U.S. at 500)), the statutory scheme

12   governing Plaintiff's claim has bearing on this analysis. The purpose of the ADA is to "provide a

13   clear and comprehensive national mandate for the elimination of discrimination against

14   individuals with disabilities." 42 U.S.C. § 12101(b)(1). As relevant here, Title III of the ADA

15   "prohibits discrimination against the disabled in the full and equal enjoyment of public

16   accommodations." *Spector v. Norwegian Cruise Line Ltd.,* 545 U.S. 119, 128 (2005) (citing 42

17   U.S.C. § 12182(a)). Because the ADA is a civil rights statute, the Supreme Court has instructed

18   federal courts to take "a broad view" of a plaintiff's standing since, in reality, "private

19   enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7–*

20   *Eleven, Inc.,* 524 F.3d 1034, 1039 (9th Cir.2008) (quoting *Trafficante v. Metro. Life Ins. Co.,* 409

21   U.S. 205, 209 (1972)).

22   For this case, Plaintiff's obligation to satisfy the Article III standing requirement is

23   twofold. Aside from demonstrating the standard standing elements above, he must also show a

24   "real and immediate threat of repeated injury" because an injunction "is the only relief available to

25   private plaintiffs under the ADA." *Chapman,* 631 F.3d at 946. Taking a "broad view" of

26   Plaintiff's complaint with these elements in mind, the Court concludes that Plaintiff sufficiently

27   establishes each of these elements.

28   In his complaint, Plaintiff alleges that he is a quadriplegic who uses a wheelchair and

3

equipped van.  He alleges that the ADA violations—lack of access aisle adjacent to the parking spaces available for use by persons with disability and the narrow transaction counter—caused him great difficulty and frustration.  ECF 1 at ¶ 49.  Plaintiff also alleges that these violations cause the Gas Station to not be accessible to persons with disabilities.  ECF 1 at ¶¶ 27, 35.  Since Plaintiff attributes the creation of these barriers to Defendants' conduct, these allegations satisfy both the injury-in-fact and traceability requirements.  *See Arroyo v. Silva*, No. 5:14-CV-03988-EJD, 2015 WL 4538366, at *2–3 (N.D. Cal. July 27, 2015) (finding standing where inferences could be drawn from the complaint to find that the barriers denied plaintiff full and equal access).  Plaintiff has also adequately alleged redressability because he asserts the barriers deter him from returning to the Gas Station and alleges that removal of the barriers would permit him to return to patronize the Gas Station.  ECF 1 at ¶¶ 49, 53; *see Hernandez v. Vallco Int'l Shopping Ctr., LLC, No.* 10–CV–02848–LHK, 2011 WL 890720, at *4 (N.D.Cal. Mar. 14, 2011).  Thus, at this stage of the litigation, Plaintiff has sufficiently alleged facts supporting Article III standing for a claim under Title III of the ADA.

## II.    Section 425.50 Is Procedural and Does Not Apply in Federal Proceedings

When federal courts consider claims under state law, they are to apply federal procedural law and state substantive law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).  The crux of Defendants' argument is that Plaintiff is improperly obtaining jurisdiction over its state law claims in federal court in order to avoid pleading requirements that, presumably, Plaintiff would not otherwise be able to meet.  However, the fact that procedural requirements are a prerequisite to state law damages being awarded in state court does not convert a procedural requirement into a substantive statute.  *See O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976, 984–85 (E.D. Cal. 2010) (holding that California civil code early evaluation requirements do not apply in ADA cases because although a settlement conference could dispose of a case, it is not outcome determinative under *Erie*).  Here, the requirements of section 425.50 that Defendants argue should apply would not be outcome determinative.  Therefore, Section 425.50 is procedural and does not apply in this federal proceeding.

1    **III.    The Court Will Exercise Supplemental Jurisdiction Over Plaintiff's**

2    **State Law Claim.**

3         Federal courts are, of course, courts of limited jurisdiction.  *Kokkonen v. Guardian Life*

4    *Ins. Co.*, 511 U.S. 375, 377 (1994).  The supplemental jurisdiction statute, 28 U.S.C. § 1367,

5    grants federal courts supplemental jurisdiction over claims over which no original jurisdiction

6    exists.  Specifically, § 1367(a) grants supplemental jurisdiction over state law claims "that are so

7    related to claims in the action within such original jurisdiction that they form part of the same case

8    or controversy under Article III of the United States Constitution."  *Id.*  The Supreme Court has

9    illustrated that federal courts have supplemental jurisdiction over a state law claim where the state

10   claim and the federal claim "derive from a common nucleus of operative fact," such that "the

11   relationship between [the federal] claim and the state claim permits the conclusion that the entire

12   action before the court comprises but one constitutional 'case.' "  *See United Mine Workers of Am.*

13   *v. Gibbs*, 383 U.S. 715, 725 (1966); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S.

14   156, 164–65 (1997).

15        The Ninth Circuit mandates the exercise of supplemental jurisdiction unless it is prohibited

16   by § 1367(b), or unless one of the exceptions in § 1367(c) applies.  *See Irwin v. Mascott*, 96 F.

17   Supp. 2d 968, 974–75 (N.D. Cal. 1999).  Thus, "unless a court properly invokes a § 1367(c)

18   category in exercising its discretion to decline to entertain pendent claims, supplemental

19   jurisdiction must be asserted."  *Id.* at 975.

20        Under 28 U.S.C. § 1367(c), a federal district court may decline supplemental jurisdiction

21   over state law claims if any one of the following four grounds exist:

22        (1) the claim raises a novel or complex issue of State law;

23        (2) the claim substantially predominates over the claim or claims over which the district

24   court has original jurisdiction;

25        (3) the district court has dismissed all claims over which it has original jurisdiction; or

26        (4) in exceptional circumstances, there are other compelling reasons for declining

27   jurisdiction.

28        However, though courts may decline to exercise supplemental jurisdiction over state law

United States District Court
Northern District of California

United States District Court
Northern District of California

1   claims triggered by the presence of one of the conditions above, it is informed by the Supreme

2   Court in *Gibbs*, 383 U.S. at 726 that "judicial economy, convenience and fairness to litigants"

3   should be taken into consideration. *See also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th

4   Cir. 1997).

5          Defendants argue that three of the four grounds under § 1367(c) exist in this case.  The

6   Court will take each of the grounds in turn.

7                          *a.  Plaintiff's claims do not raise a novel or complex issue of state law.*

8          "Generally, a district court will decline jurisdiction under 1367(c)(1) only if faced with an

9   ambiguous state law, which has created . . . a 'split' in state court interpretations." *Anglin v.*

10  *Bakersfield Prosthetics & Orthotics Ctr. Inc.*, No. 2:13-cv-01847-JAM-CKD, 2013 WL 6858444,

11  at *6 (E.D. Cal. Dec. 30, 2013).  Here, Defendants argue that because there are no California cases

12  interpreting section 425.50, whether section 425.50 applies in federal court and the contours of its

13  requirements present a novel issue of state law.  While this may be a compelling argument, the

14  fact that a state court has not yet interpreted section 425.50 is not grounds to find that Plaintiff's

15  claims raise a novel issue of state law.  While the state court has not yet considered the parameters

16  of section 425.50, this Court need not know those parameters.  Section 425.50 does not apply in

17  federal court because it is a statute that governs procedural requirements. *See supra* section II; *see*

18  *also Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477–78 (S.D. Cal. 2012); *Anglin v. Bakersfield*

19  *Prosthetics & Orthotics Ctr. Inc.*, No. 2:13-CV-01847-JAM, 2013 WL 6858444, at *5 (E.D. Cal.

20  Dec. 30, 2013).

21          Furthermore, Defendants do not argue, and the Court does not find, that California state

22  court interpretations of the requirements of section 425.50 are ambiguous such that a split of

23  opinions may arise.  While Defendants may be hopeful that a California court would make a

24  determination that section 425.50 is in some way substantive, such an aspiration does not warrant

25  a finding by this Court that section 425.50 presents a novel or complex issue of state law.

26          Further, novelty alone would not determine whether a district court should decline

27  supplemental jurisdiction. *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at

28  *17 (N.D. Cal. Aug. 12, 2016) citing *Allen v. City of Los Angeles*, 92 F.3d 842, 846 (9th Cir.

United States District Court
Northern District of California

1996) (exercising supplemental jurisdiction over a novel issue of state law because the values of "economy, convenience and fairness [were] best addressed by the court retaining jurisdiction"), *overruled on other grounds by Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001–02 (9th Cir. 1997). Instead, the U.S. Supreme Court has made clear that the Court should consider economy, convenience, fairness, and comity. *Gibbs*, 383 U.S. at 726.

The Court finds it is more convenient and economical for Plaintiff's ADA claim and Unruh Act state law claim, which share a common nucleus of facts and proof, to be litigated in one suit. *See O'Campo*, 758 F. Supp. 2d at 985 ("In this case, the federal and state claims turn on virtually identical facts and similar theories of liability. It appears to the court to be an inappropriate use of judicial resources to have the federal courts and the state courts simultaneously resolve cases with virtually identical facts."); *see also City of Chicago*, 522 U.S. at 173 (finding that the district court decided that the interest of judicial economy, convenience, fairness, and comity were best served by exercising jurisdiction over the state law claims). Accordingly, the Court will not decline to exercise supplemental jurisdiction on this basis.

> b.   *Plaintiff's Unruh Act Claim Does Not Substantially Predominate Over Plaintiff's ADA Claim.*

By way of background, it is helpful at this point to understand the relationship between the Unruh Act and the ADA. A plaintiff may bring a claim under the Unruh Act that is dependent on a violation of the ADA. Cal. Civ. Code § 51(f). In such an instance, as here, the plaintiff need only prove a violation of the ADA in order to maintain its claim under the Unruh Act. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (Cal. 2009). A plaintiff may also maintain an Unruh Act claim independent from his or her ADA claim, in which case the violation complained of must have been intentional. *See id.* at 664. In either instance, the Unruh Act allows a plaintiff to recover damages and mandatory attorneys' fees. Cal. Civ. Code § 52. Conversely, the ADA only provides injunctive relief and a discretionary award of attorneys' fees. *See* 42 U.S.C. §§ 12188, 12205.

A court may decline to extend supplemental jurisdiction over state law claims where state issues substantially predominate in the suit. State issues may substantially predominate in terms

1 of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.

2 *Gibbs*, 383 U.S. at 726.  In cases where a plaintiff brings claims under both the ADA and the

3 Unruh Act, courts have differed in their analysis of whether the Unruh Act claim substantially

4 predominates over the ADA claim.

5   In *Schutza v. McDonald's*, 133 F. Supp.3d 1241 (S.D. Cal. 2015) (hereinafter

6 "*McDonald's*"), the Southern District of California held that the Unruh Act claim predominated

7 because of what the court found to be different evidentiary standards.  The court found that the

8 Unruh Act required the defendant to prove intentional discrimination, while the ADA does not.

9 However, this is not always the case.  Where, as here, the Unruh Act claim is predicated on an

10 ADA claim, the Plaintiff is not required to show intentional discrimination.  *Munson*, 46 Cal.4th at

11 665.  Whether the discrimination was intentional may be an issue at the time of proving damages,

12 *see* Cal. Civil Code §§ 55.56(g)(1) (providing grounds for reducing statutory liability), 55.56(g)(6)

13 (explaining that the availability to reduce statutory damages does not apply to intentional

14 violations), but at the pleading stage, the possibility of such evidence is not sufficient to find the

15 Unruh Act predominates.

16   The Southern District again found that an Unruh Act claim substantially predominated

17 over a plaintiff's ADA claim in *Schutza v. Cuddeback*, No. 16-CV-02746-BAS-KSC, 2017 WL

18 1336929, at *3 (S.D. Cal. Apr. 10, 2017).  In *Cuddeback*, the plaintiff alleged nine violations of

19 the ADA that statutorily would have entitled the plaintiff to $36,000 under the Unruh Act.  *Id*. at

20 3.  The plaintiff also "place[d] intentionality at the heart of his claims for relief," which would

21 allow the Unruh Act claim to survive independent of the ADA claim.  *See id*. at 3-4.  The court

22 found that the amount of statutory damages coupled with the intentionality that the plaintiff pled

23 caused the Unruh Act claim to predominate.  *Id*.  The court also found the high-frequency nature

24 of the plaintiff in that case to be an exceptional circumstance.  *Id*. at 4.  Specifically, in the interest

25 of comity, the court found that plaintiff's repeated avoidance of state law pleading requirements

26 worked against California's "substantial interest in discouraging unverified disability

27 discrimination claims."  *Id*.  The court dismissed plaintiff's state law claim and retained

28 jurisdiction over his ADA claim.  *Id*. at 5.

United States District Court
Northern District of California

1    However, even before *McDonald's*, several courts, including the Southern District, had

2  rejected the "substantially predominates" analysis employed by *McDonald's*.  *See O'Campo*, 758

3  F. Supp. 3d at 985 (extending supplemental jurisdiction over plaintiff's Unruh Act claim despite

4  the plaintiff seeking damages); *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1096 (C.D. Cal.

5  2011) (same); *Delgado v. Orchard Supply Hardware Corp.*, 826 F. Supp. 2d 1208, 1221 (E.D.

6  Cal. 2011) (same); *Kohler v. Islands Restaurants, LP*, 956 F. Supp. 2d 1170, 1175–76 (S.D. Cal.

7  2013) (same).

8    Furthermore, since *McDonald's*, indeed even since *Cuddeback*, courts continue to reject

9  *McDonald's*.  For instance, in *Schoors v. Seaport Village Operating Co.*, 2017 WL 1807954 (S.D.

10  Cal., May 5, 2017), the Southern District of California found that state claims did not

11  predominate, finding that the proof elements under the plaintiff's Unruh Act claim and ADA claim

12  were identical.  *Id.* at 4.  The Central District of California recently reached the same conclusion

13  and explicitly rejected the reasoning of *McDonald's*.  *Saavedra v. Chu et al.*, No.

14  517CV00607ODWEX, 2017 WL 2468779, at *2 (C.D. Cal. June 7, 2017).  The court also rejected

15  the defendant's argument that the availability of damages under the Unruh Act causes the state law

16  claim to *substantially* predominate.  *Id.*

17    The Court finds the weight of authority against the reasoning in *McDonald's* and

18  *Cuddeback* not only instructive but compelling.  Here, Plaintiff alleges two violations of the ADA

19  to support his Unruh Act claim.  Although he pleads that the violations are intentional, the Court

20  does not find that intentionality is "at the heart" of his complaint.  The Court further finds that the

21  economy and convenience of keeping both claims in federal court outweighs comity

22  considerations.  *See supra* section III.a.  As the California Supreme Court has made clear, an

23  Unruh Act claim predicated on a violation of the ADA will have identical facts, witnesses, and

24  elements of proof.  *See Munson*, 46 Cal.4th at 665.  Therefore, the court does not find that

25  Plaintiff's Unruh Act claim substantially predominates over Plaintiff's ADA claim.

26  //

27  //

28  //

United States District Court
Northern District of California

*c.   There Are No Exceptional Circumstances, or Other Compelling Reasons for Declining Jurisdiction*

The Court may decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). These exceptional circumstances include "considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration." *City of Chicago*, 522 U.S. at 174 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)).

Defendants argue that Plaintiff's apparent forum shopping is an exceptional circumstance that warrants dismissal of his state law claim. ECF 11 at 8. The fact that Plaintiff may be "forum shopping" by filing suit in this Court rather than state court does not constitute a "compelling reason" for declining jurisdiction. There is no reason why Plaintiff should have to file his claims in state court. "This sort of forum-shopping is commonplace among plaintiffs and removing defendants alike and is not an 'exceptional' circumstance giving rise to compelling reasons for declining jurisdiction, as required by section 1367(c)(4)." *Chavez v. Suzuki*, No. 05cv1569 BTM (BLM), 2005 WL 3477848, at *2 (S.D. Cal. Nov. 30, 2005). The fact that Plaintiff and his counsel frequently file suits asserting disability rights violations does not change this conclusion. *See id.*; *Kohler*, 956 F. Supp. 2d at 1174; *Seaport Village Operating Co.*, 2017 WL 1807954, at 5. The Ninth Circuit has acknowledged that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007). Nothing bars Plaintiff from frequently invoking a federal forum to remedy ADA violations, and, as such, seek remedies under the Unruh Act.

Accordingly, as Defendants have failed to successfully argue any one of the four grounds under 28 U.S.C. § 1367(c), the Court will exercise supplemental jurisdiction over Plaintiff's state law Unruh Act claim.

//

//

## IV.     CONCLUSION

Based on the foregoing, the Court DENIES Defendants' motion to dismiss Plaintiff's state law claim for lack of jurisdiction.

**SO ORDERED.**

Dated: 7/10/2017

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

11